IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABIRA MEDICAL LABORATORIES, LLC** : | | **CIVIL ACTION** |
| D/B/A Genesis Diagnostics : | | |
| : | | |
| **v.** : | | |
| : | | |
| **PEACH STATE HEALTH PLAN, INC.,** : | | |
| **CENTENE CORPORATION, ABC** : | | |
| **COMPANIES 1-100, JOHN DOES 1-100** : | | **NO. 23-5065** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                           **October 9, 2024**

Abira Medical Laboratories, LLC ("Abira"), a healthcare lab, brings this collection action against Peach State Health Plan ("Peach State"), a health insurance company incorporated in Georgia, and its parent company, Centene, a Delaware corporation. It alleges that Peach State failed to pay Abira for claims submitted on behalf of its insured members.

Moving to dismiss the Amended Complaint, Peach State contends it is not subject to personal jurisdiction in Pennsylvania and that Abira has not alleged facts stating a claim against Centene. We agree. Therefore, we will grant the motion to dismiss.

**Factual Background**

Abira, a New Jersey limited liability company with its principal place of business in Pennsylvania, is an out-of-network lab services provider.[1] It is authorized to do business in Pennsylvania and has a Pennsylvania medical lab testing license.[2] Peach State is

---

[1] Pl.'s First Verified Amend. Compl. ¶ 6, (attached to Pl.'s Mot. for Leave to Amend the Compl., ECF No. 26 as Ex. 2, ECF No. 26-2) ["Compl."].

[2] *Id.*

incorporated in and has its principal place of business in Georgia.[3]  Centene, Peach State's parent corporation, is incorporated in Delaware and has its principal place of business in Missouri.[4]

Over five years, Abira conducted lab tests ordered by physicians for members of Peach State's health insurance plan.[5]  The lab testing was conducted at Abira's facility in Pennsylvania.[6]  Abira alleges that these requests contained an assignment of benefits obligating Peach State to pay Abira for the lab work it performed.[7]

Peach State refused to pay for some tests for various reasons, including inadequate information, untimely claim filings, or uninsured services.[8]  Abira brought this action to collect the fees for those tests.  It asserts causes of action for breach of contract, breach of an implied covenant of good faith and fair dealing, fraudulent and negligent misrepresentation, equitable and promissory estoppel, and unjust enrichment.

## Standard of Review

Lack of personal jurisdiction is raised under Fed. R. Civ. P. 12(b)(2).  Unlike with Rule 12(b)(6), the scope of review under Rule 12(b)(2) is not limited to the face of the pleadings.  Once a defendant challenges personal jurisdiction, the burden is on the plaintiff to prove that jurisdiction is proper. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  The plaintiff can meet his burden by submitting affidavits or other competent evidence.  *Id.*

---

[3] *Id.* ¶ 7.

[4] *Id.* ¶ 8.

[5] *Id.* ¶ 11

[6] *Id.* ¶ 8

[7] *Id.* ¶ 12.

[8] *Id.* ¶¶ 15, 17.

If there is no evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018). In determining whether the plaintiff has made this *prima facie* showing, we accept the affidavits and other evidence submitted as true and construe all factual disputes in the plaintiff's favor. *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 113 n.5 (3d Cir. 2020); *see also Aldossari on Behalf of Aldossari v. Ripp,* 49 F.4th 236, 256 n.31 (3d Cir. 2022). If the jurisdictional facts remain in dispute later in the litigation, we may revisit jurisdiction. *Shuker*, 885 F.3d at 781 (citing *Metcalfe*, 566 F.3d at 331, 336).

## Analysis

There are two types of personal jurisdiction, general and specific. We have neither over Peach State.

Abira argues that Peach State is subject to general jurisdiction because its parent corporation, Centene, has multiple offices in Pennsylvania, is licensed to provide health care services in Pennsylvania, and has 942 employees in Pennsylvania.

The actions of a parent company are attributed to a subsidiary only where the corporations have common officers and directors; a common marketing image; common use of a trademark or logo; common use of employees; an interchange of managerial and supervisor personnel; or an integrated sales system, *Superior Coal Co. v. Ruhrkohle, A.G.*, 83 F.R.D. 414, 421 (E.D. Pa. 1979), or where the subsidiary is a front for a parent corporation. *Omni Expl., Inc. v. Graham Eng'g Corp.*, 562 F. Supp. 449, 454 (E.D. Pa. 1983). Where, as here, there is no showing that the subsidiary controlled the parent, the parent's contacts in the forum cannot provide a basis for personal jurisdiction over the subsidiary. *Id.* at 454-55. In short, Centene's contacts cannot form the basis for

3

jurisdiction over Peach State.

General jurisdiction over a foreign corporation exists where the corporation is "essentially at home" in the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Absent consent, a court may assert jurisdiction over a corporation "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (internal citation omitted). The state of incorporation and the principal place of business are "paradig[m] … bases for general jurisdiction." *Id.* at 137 (internal citation omitted). A corporation is also subject to general jurisdiction where it carries on such a continuous or systematic part of its business that it can be said to be "at home" in the forum state. *Id.* 138-39.

Peach State is not incorporated in Pennsylvania. It does not have its principal place of business in Pennsylvania. It is not registered to do business in Pennsylvania. Nor has it consented to jurisdiction. Thus, Peach State is not subject to general jurisdiction in Pennsylvania.

Abira claims Peach State is subject to specific personal jurisdiction because it solicited tests from Abira and communicated with Abira in Pennsylvania. It claims Peach State forwarded hundreds of samples to Abira for lab services.

Specific jurisdiction arises when the cause of action is related to or arises out of the defendant's contacts with the forum and the plaintiff's injury in the forum is related to those contacts. *Ford*, 592 U.S. at 359 (quoting *Daimler*, 571 U.S. at 127). The specific jurisdiction inquiry "focuses on the 'relationship among the defendant, the

4

forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (internal quotations omitted)).

There are three requirements for the exercise of specific jurisdiction. First, the defendant's conduct must have been purposefully directed at the forum state, resulting in contacts with the forum. *Ford*, 592 U.S. at 359 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Second, the plaintiff's claim must arise out of or relate to those contacts. *Id.* (citing *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017)). Third, if the first two requirements are met, the exercise of jurisdiction must comport with "fair play and substantial justice." *Id.* at 358 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)).

Although the purposeful direction requirement does not require physical presence in the forum, it does require that the defendant created the contacts with the forum state. *Walden*, 571 U.S. at 284-85 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)). The defendant's contacts must be with the forum state itself, not just "with persons who reside there." *Id.* at 285 (citing *Int'l Shoe*, 326 U.S. at 319). In other words, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285-86 (citing *Burger King*, 471 U.S. at 478).

The relatedness requirement does not demand an absolute causal connection between the defendant's activities and the effects of that activity in the forum. *Ford*, 592 U.S. at 362. However, the relationship among the defendant, the forum, and the litigation must be contacts that the defendant created with the forum State. *Walden*, 571 U.S. at

5

284 (citing *Burger King*, 471 U.S. at 475).  The defendant's conduct must be connected to the forum and the controversy.  *Bristol-Myers Squibb*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919).

Peach State did not initiate any contacts with Abira.  It did not request Abira's lab services.  The physicians treating members of Peach State's plans did.[9]  "[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

Abira reached out to Peach State for reimbursement.[10]  Peach State responded to those requests.  Responding to claims for payment initiated by the plaintiff from the forum state does not constitute purposeful targeting of Pennsylvania.

Courts in other cases brought by Abira have held that "informational communications in furtherance of a contract … do[] not establish the purposeful activity necessary" for personal jurisdiction.  *Abira Medical Lab'ys LLC v. Anthem Blue Cross Blue Shield Missouri*, No. CV 23-4940, 2024 WL 1704981, at *4 (E.D. Pa. Apr. 19, 2024) (citing *Creative Waste Mgmt., Inc. v. Capitol Enviro. Srvs., Inc.*, No. CV 04-1060, 2004 WL 2384991, at *5 (E.D. Pa. Oct. 22, 2004)) (internal citation omitted); *Abira Medical Lab'ys LLC v. Molina Healthcare of Fla.*, No. CV 24-506, 2024 WL 1182855 (E.D. Pa. Mar. 19, 2024); *Abira Medical Lab'ys, LLC v. Cigna Health & Life Ins. Co.*, No. CV 22-6408, 2023 WL 4074081 (D.N.J. June 16, 2023); *Abira Medical Lab'ys, LLC v. Humana*

---

[9] Decl. of Abraham Miller ¶¶ 14, 16 (attached to Compl. as Ex. 1, ECF No. 30-1).
[10] Compl. ¶ 16.

*Inc.*, No. CV 22-6190, 2023 WL 3052308 (D.N.J. Apr. 24, 2023); *Abira Medical Lab'ys LLC v. Vantage Health Plans, Inc.*, Civil Action No. 24-412, 2024 WL 1468332 (E.D. Pa. Apr. 4, 2024).

Abira argues that the physicians who ordered the tests were Peach State's agents or representatives.  The Amended Complaint includes no allegations showing any control, much less an agency relationship, between Peach State and the unnamed doctors who sent laboratory requests to Abira.  Peach State did not instruct the physicians to order tests from Abira or require its insureds to do so.  There is no agency relationship between Peach State and the physicians.

Abira further argues that past payment of claims is evidence of minimum contacts.  Past payments do not provide sufficient minimum contacts.  Those payments are also based on decisions of the insured.  *Abira Medical Lab'ys LLC v. Johns Hopkins Healthcare LLC*, No. CV 19-5090, 2020 WL 3791565, at *5 (E.D. Pa. July 7, 2020).

We have neither general nor specific jurisdiction over Peach State.  Therefore, we shall grant its motion and dismiss the action against it.

Abira impermissibly groups Peach State and Centene together without specifying what each did.  Nonetheless, the only alleged connection Centene has to Abira's claim is that it is the parent company of Peach State.  Centene appears in the caption of the Complaint and in a paragraph alleging where it is located.[11]  Abira does not allege any facts connecting Centene to the claims.  In short, Abira does not state a claim for relief from Centene.  Therefore, because it has failed to plausibly plead any claim against Centene, we shall dismiss the claims against it.

---

[11] Compl. ¶ 8.